# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER,<br>　　　　　　Petitioner,<br>v.<br>TAMMY FOSS, Warden,<br>　　　　　　Respondent. | Case No.: 3:19-cv-1878-GPC-RBM<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 13] |

## I.　INTRODUCTION

Petitioner Tyrone T. Turner ("Petitioner"), a prisoner proceeding *pro per* and *in forma pauperis*, filed an *Ex Parte* Request for Appointment of Counsel which this Court accepted for filing *nunc pro tunc* to February 3, 2020. (Doc. 13.)[1] Liberally construing Petitioner's filing, it is construed as a Motion for Appointment of Counsel ("Motion").[2]

---

[1] Petitioner is admonished to abide by the rules of this Court when filing. Petitioner's filing contained the following discrepancies: (1) lacking memorandum of points and authorities in support as a separate document; and (2) missing time and date on motion and/or supporting documentation. *See* CivLR 7.1; 5.1.

[2] Petitioner's Motion also requests the Court to issue an order compelling the California Department of Corrections and Rehabilitation—specifically Salinas Valley State Prison—to issue Petitioner all of his personal property. (Doc. 13 at 1.) However, this request is outside the scope of a habeas corpus action. Thus, the Court will not entertain the request.

1

*See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe pro se litigants' filings, relieving them from "strict application of procedural rules and demands . . . ."). Petitioner requests the Court to appoint counsel for his Petition for Writ of Habeas Corpus ("Petition"). (Docs. 1, 3, 13.) For the reasons discussed below, Petitioner's Motion is **DENIED**.

## II. BACKGROUND

The Petition alleges on March 26, 1996, the San Diego County Superior Court sentenced Petitioner to "life without parole plus eight and a half years." (Doc. 1 at 1.) In that case, Petitioner was convicted of first-degree murder while engaged in the commission or attempted commission of robbery, attempted carjacking, and the use of a firearm. (Doc. 15-2 at 1.) The California Court of Appeal affirmed Petitioner's judgment of conviction with cert denied by the California Supreme Court. (Doc. 1 at 2.) The Superior Court, Court of Appeal, and California Supreme Court all denied Petitioner's habeas petition. (Doc. 1 at 3-4; Doc. 15 at Lodgmt. Nos. 2, 4, 6, 8, 10, 12.) On September 2, 2005, the U.S. District Court for the Southern District of California denied Petitioner's petition for writ of habeas corpus. (Doc. 1 at 5.)

On September 27, 2019, Petitioner filed the instant Petition in *pro per*. (Doc. 1.) Petitioner is proceeding *in forma pauperis* pursuant to the Court's Order of October 10, 2019. (Doc. 3.) The Petition seeks relief based on the Fourteenth Amendment Equal Protection Clause of the United States. (Doc. 1 at 6; U.S. CONST. amend. XIV, § 1.) In response to the Petition, Tammy Foss ("Respondent") filed a Motion to Dismiss for failure to state a claim on February 20, 2020. (Doc. 14.)

## III. APPLICABLE LAW

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief under 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *e.g., Terrovona v.*

2

*Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition or utilizes the discovery process. *Terrovona*, 912 F.2d at 1177; *see also* Rules 6(a) & 8(c), Rules Governing § 2254 Cases (amend. Dec. 1, 2019). Otherwise, appointment of counsel is discretionary. *See Terrovona*, 912 F.2d at 1177.

Prisoners "applying for habeas relief are not entitled to appointed counsel unless the circumstances of [the] case [require appointment] to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citations omitted). Appointing counsel is within the court's discretion; in deciding appointment of counsel, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, appointment of counsel may be necessary if the petitioner has such limited education that they are incapable of presenting their claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

## IV. DISCUSSION

Here, appointment of counsel is not warranted. First, the interests of justice do not require appointment of counsel. The record is adequately developed: no evidentiary hearing or use of the discovery process is warranted nor expected. As noted in *Knaubert v. Goldsmith*, "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court [may] rely on the state court record alone." 791 F.2d 722, 729 (9th Cir. 1986) (citation omitted). Presently, there is no indication an attorney would present additional compelling arguments or facts, so appointment is unwarranted. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

In this instance, Petitioner's due process rights are not violated in denying appointment of counsel. Petitioner has not demonstrated an inability to present his claims. Rather, Petitioner has sufficiently represented himself to date and appears to grasp the issues and facts of his case. In fact, the Petition was pleaded sufficiently to warrant this

3

3:19-cv-1878-GPC-RBM

Court's Order directing Respondent to file an answer or other responsive pleading to the Petition. (Doc. 4.) Moreover, Petitioner has not asserted mental incapacity or extreme complexity of legal issues. Petitioner's Motion is limited to one conclusory statement: "the appointment of counsel is necessary for Petitioner to properly prosecute his writ of habeas corpus." (Doc. 13 at 2.) Such conclusory statement is insufficient.

As to financial eligibility, it is possible Petitioner is eligible. Petitioner has shown enough to proceed *in forma pauperis* and would likely be financially eligible should appointment be warranted. (Doc. 2.) However, even liberally construing the Petition, the Court does not find appointment of counsel is warranted. *See Knaubert*, 791 F.2d at 729 (stating, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel.") (citations omitted).

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**, without prejudice.

DATE: March 13, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE