# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TYRONE T. TURNER, | Case No.: 19cv1878 GPC (RBM) |
|---|---|
| Petitioner, | **ORDER : (1) GRANTING MOTION TO DISMISS; and (2) DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| TAMMY FOSS, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner Tyrone Turner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Turner challenges the Board of Parole Hearings (BPOH) improperly denied him a youth offender parole hearing pursuant to California Penal Code § 3051(b). The Court has read and considered the Petition, [ECF No. 1], the Motion to Dismiss [ECF No. 14], the Reply to the Motion to Dismiss, the lodgments and other documents filed in this case, and the legal arguments presented by both parties. For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** the case with prejudice. The Court also **DENIES** a Certificate of Appealability.

///
///

## II. FACTUAL AND PROCEDURAL BACKGROUND

Turner was convicted of murder with special circumstances in 1996 and was sentenced to life without the possibility of parole. (Pet., ECF No. 1 at 1-2.) After unsuccessfully challenging the validity of his conviction on direct appeal and on state habeas corpus review, Turner filed a state habeas corpus petition in the San Diego Superior Court in 2015 alleging that his ineligibility for a youth offender parole hearing under the newly enacted California Penal Code § 3051 violated his equal protection rights because prisoners who have been sentenced to life without the possibility of parole, were not eligible for youth offender parole hearings while other, similarly situated prisoners were. (Lodgment No. 1, ECF No. 15-1.) The Superior Court denied the petition in a written opinion, concluding that Turner had failed to establish an equal protection violation because he had not established he was similarly situated to those who were entitled to the hearing under § 3051. (Lodgment No. 2, ECF No. 15-2 at 3-4.)

Next, Turner filed a habeas corpus petition in the California Court of Appeal raising the same issue as he did in his superior court petition. (Lodgment No. 3, ECF No. 15-3.) The state appellate court denied the petition on the same grounds as the superior court. (Lodgment No. 4, ECF No. 15-4.) He then raised these same claims in a habeas corpus petition he filed in the California Supreme Court. (Lodgment No. 5, ECF No. 15-5.) The state supreme court denied the petition without citation of authority. (Lodgment No. 6, ECF No. 15-6.)

Beginning in 2018, Turner began filing another round of state habeas corpus petitions after California Penal Code § 3051 was amended to include individuals who had committed their offenses before twenty-five years-of-age alleging the statute violated equal protection principles by filing a petition for writ of habeas corpus in the San Diego Superior Court. (Lodgment No. 7, ECF No. 15-7.) The superior court denied the petition because Turner had raised the same challenge to the statute in his previous habeas corpus petitions. (Lodgment No. 8, ECF No. 15-8.) Turner then filed a habeas corpus petition raising his equal protection challenge in the California Court of Appeal, which denied the

petition on state procedural grounds, stating that Turner's claim had already been raised and rejected in his 2015 petitions and citing *In re Martin*, 44 Cal.3d 1, 27, fn. 3 (1987), *In re Reno*, 55 Cal.4th 428, 496-497 (2012) and *In re Clark*, 5 Cal.4th 750, 769 (1993). (Lodgment Nos. 9-10, ECF Nos. 15-9–15-10.)  Finally, Turner raised his equal protection claim in a habeas corpus petition he filed in the California Supreme Court, which denied it as repetitive, citing *In re Miller*, 17 Cal.3d 734, 735 (1941).  (Lodgment Nos. 11-12, ECF Nos. 15-11–15-12.)

Turner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court on September 27, 2019.  (ECF No. 1.)  Respondent filed a motion to dismiss on February 2, 2020.  (ECF No. 14.)  Turner filed a reply to the motion on June 18, 2020.  (ECF No. 26.)

**III.  ANALYSIS**

Turner's sole claim concerns California Penal Code § 3051, which established youth offender parole hearings for some offenders who committed their crimes before a certain age. Cal. Penal Code § 3051 (West 2019).  California Penal Code §§ 3051(b)(1)-(3) provides youth offender parole hearings for offenders who committed their crimes before the age of 25 and received sentences of less than life without the possibility of parole (LWOP).  Cal. Penal Code § 3051(b)(1)-(3).  Section (b)(4) deals with offenders who were sentenced to LWOP.  For those offenders, the California legislature determined that only persons who had committed their crimes before the age of 18 would be eligible for a youth offender parole hearing.  Cal. Penal Code § 3051(b)(4).  The section reads, in pertinent part, as follows:

> (b)(1) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 15th year of incarceration.
>
> (2) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence

> is a life term of less than 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 20th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 20th year of incarceration.
>
> (3) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration.
>
> (4) A person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration.

Cal. Penal Code § 3051.

The legislation was passed "to account for neuroscience research that the human brain – especially those portions responsible for judgment and decisionmaking – continues to develop into a person's mid-20s." *People v. Wilkes*, 46 Cal. App. 5th 1159, 1166 (2020) citing *People v. Edwards*, 34 Cal. App. 5th 183, 198 (2019).

Turner, who was 18 at the time he committed his crimes and was sentenced to LWOP, is not eligible for a youth offender parole hearing pursuant to California Penal Code § 3015. (Pet., ECF No. 1 at 7; Lodgment No. 4, ECF No. 15-4 at 1.) Turner argues this exclusion violates equal protection principles because he is similarly situated to individuals who are afforded hearings under the provision but is being treated differently. Specifically, Turner notes that he is similarly situated to those offenders covered by § 3051(b)(1)-(3) because the scientific rationale behind providing youth offender hearings to those under the age of 25 applies to him and yet he is not afforded a youth

offender parole hearing under the statute because he was sentenced to LWOP. (Pet., ECF No. 1 at 6-8.) Turner also contends he is similarly situated to offenders who are provided a youth offender parole hearing pursuant to § 3051(b)(4) but is being treated differently because of an arbitrary age classification. (*Id.*) Respondent argues Turner's claim is not cognizable on federal habeas corpus review because a favorable resolution of the claim would not necessarily result in Turner's earlier release from custody. (Mot. to Dismiss, ECF No. 14 at 5.) In the alternative, Respondent contends Turner's claims are procedurally defaulted and unexhausted. (*Id.* at 5-9.)

### A. Turner's Claim is not Cognizable on Habeas Corpus

In *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), the Ninth Circuit held that the sole method for prisoners to challenge the fact of their conviction or the duration of their confinement was through a writ of habeas corpus. Other claims, if they are to be brought at all, must be brought via a civil rights complaint pursuant to 42 U.S.C. § 1983. *Id.* at 934-35. District Courts in California have addressed these cases differently depending on the specific claim and relief requested in determining whether a challenge such as Turner's can be brought via habeas corpus. Several cases conclude that an equal protection challenge to § 3051 is not within the core of habeas corpus because it would not necessarily result in a speedier release from prison but rather only a youth offender parole hearing following which a petitioner may or may or may not be granted parole. *See Johnson v. Lozano*, 2020 WL 959253 (C.D. Cal., Jan. 17, 2020); *Soun v. Arnold*, 2017 WL 6039665, at *1 (N.D. Cal., Dec. 6, 2017); *Woods v. Matzen*, 2017 WL 10545384, at *2-3 (C.D. Cal. Aug. 11, 2017) (same); *Glass v. Kernan*, 2017 WL 2296960, at *2-3 (C.D. Cal. Apr. 19, 2017) (same), report and recommendation adopted, 2017 WL 2296963 (C.D. Cal. May 23, 2017). Other courts have concluded that such challenges do lie within the core of habeas when coupled with a request to be resentenced pursuant to California Penal Code § 1170(d)(2), which allows a defendant who was under the age of 18 at the time of the commission of the offense and was sentenced to prison for life without the possibility of parole to petition the sentencing court for recall and

1  resentencing after serving 15 years of the sentence. Cal. Penal Code § 1170(d)(2); *see*
2  *Adams v. Frauenheim*, 2018 WL 3046939, at *3 (N.D. Cal., June 14, 2018) (finding that
3  because petitioner alleged he was entitled to consideration under the resentencing and
4  parole provisions of California Penal Code §§ 1070(d)(2) and 3051, the challenge could
5  be brought in a habeas corpus petition); *Thomas v. Arnold*, 2018 WL 279975, at *3 (S.D.
6  Cal. Jan. 3, 2018) (finding that *Nettles* did not bar habeas action in which petitioner
7  seeking relief under California Penal Code § 3051 "request[ed] re-sentencing, and in the
8  alternative, access to a parole hearing").

9  Turner does not ask to be resentenced under California Penal Code § 1170(d)(2),
10 and indeed he would not be eligible to be resentenced under that provision because he
11 was not under 18 years of age at the time he committed the offenses. *See*
12 § 1170(d)(2)(A)(i) (stating that "a defendant who was under 18 years of age at the time of
13 the commission of the offense for which the defendant was sentenced to imprisonment
14 for life without the possibility of parole . . . may . . . petition for recall and resentencing"
15 after serving 15 years.) Accordingly, the Court adopts the reasoning of *Johnson*, *Soun*,
16 *Woods* and *Glass* and concludes that Turner's claim equal protection claim is not within
17 "the core of habeas corpus," and must be brought, if at all, via civil rights complaint
18 pursuant to 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 934-35.

19  B. <u>Exhaustion and Procedural Default</u>

20  Respondent contends Turner's claim is unexhausted because the state supreme
21 court did not reach the merits of his claim. (Mot. to Dismiss, ECF No. 14 at 8-9.)
22 Habeas petitioners who wish to challenge either their state court conviction or the length
23 of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.
24 § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state
25 judicial remedies, a California state prisoner must present the California Supreme Court
26 with a fair opportunity to rule on the merits of every issue raised in his or her federal
27 habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Turner raised
28 his equal protection challenge to California Penal Code § 3051 in the two habeas corpus

petitions he filed in the California Supreme Court. (*See* Lodgment No. 5, ECF No. 15-5 at 3-4, Lodgment No. 11, ECF No. 15-11 at 3-4.) Therefore, the claim is exhausted. Moreover, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), citing 28 U.S.C. § 2254(b) and *Engle v. Isaac*, 456 U.S. 107, 125-26, n. 28 (1982). In any event, "a federal court may deny an unexhausted claim on the merits where 'it is perfectly clear that the applicant does not raise even a colorable federal claim.'" *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005). Further, the Court need not determine whether the claim is procedurally defaulted because it fails on the merits for the reasons discussed below. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (finding that it is proper to proceed to merits where procedural bar issue more complicated and result is the same); *Lambrix v. Singletary*, 520 U.S. 518, 522-25 (1997) (holding that a federal court need not invariably resolve a state procedural bar issue first where it presents complicated issues of state law and the other issue is easily resolvable against the petitioner).

      D.  <u>Turner's Equal Protection Rights Have Not Been Violated</u>

Even if Turner could bring his equal protection claim via a writ of habeas corpus, he has not established a violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). The Supreme Court has described the required inquiry this way:

> The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981); *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174-175, 101 S.Ct. 453, 459-460, 66 L.Ed.2d

> 368 (1980); *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979); *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976). When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude, *United States Railroad Retirement Board v. Fritz*, *supra*, 449 U.S., at 174, 101 S.Ct., at 459; *New Orleans v. Dukes*, *supra*, 427 U.S., at 303, 96 S.Ct., at 2516, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes. The general rule gives way, however, when a statute classifies by race, alienage, or national origin. These factors are so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy – a view that those in the burdened class are not as worthy or deserving as others. For these reasons and because such discrimination is unlikely to be soon rectified by legislative means, these laws are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest. *McLaughlin v. Florida*, 379 U.S. 184, 192, 85 S.Ct. 283, 288, 13 L.Ed.2d 222 (1964); *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971). Similar oversight by the courts is due when state laws impinge on personal rights protected by the Constitution. *Kramer v. Union Free School District No. 15*, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942).

*City of Cleburne*, 473 U.S. at 440; *see also Grutter v. Bollinger*, 539 U.S. 306, 326 (2003) (strict scrutiny defined as whether a statute is "narrowly tailored to further compelling governmental interests").

California Penal Code § 3051 does not classify by race, alienage, or national origin, Turner does not allege that he is a member of a protected class or that his membership in a protected class was the basis of any alleged discrimination, and there are no facts in the Petition that lead this Court to believe that such is the case. Thus, the statute must be reviewed under the "rational basis" test to determine whether the distinctions it makes are "rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 440; *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005) ("Government actions that do not . . . involve

suspect classifications will be upheld if [they] are rationally related to a legitimate state interest.")

"The Constitution 'does not mandate adoption of any one penological theory . . . [and] [s]electing the sentencing rationales is generally a policy choice to be made by state legislatures, not federal courts. *Ewing v. California*, 538 U.S. 11, 25 (2003). "A sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation. [citations omitted]." *Id.* Here, California decided to deny youthful parole hearings to individuals who committed crimes serious enough to receive a sentence of life without the possibility of parole after reaching the age of 18 while granting such hearings to those who were under the age of 18 when they committed their crimes.[1] This decision is rationally related to the state's goal of releasing on parole those individuals who are most likely to succeed on parole, not reoffend and successfully rehabilitate.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. Rule 11 of the Rules Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West 2019). A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court

---

[1] California is prohibited from imposing or enforcing mandatory sentences of life without the possibility of parole to juveniles. *See Miller v. Alabama*, 567 U.S. 460 (2012) (prohibiting mandatory sentences of life without the possibility of parole for juvenile offenders) and *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718 (2016) (making the prohibition of mandatory sentences of life without the possibility of parole for juveniles retroactive to sentences imposed before *Miller*).

concludes Turner has not made the required showing, and therefore a certificate of appealability is **DENIED**.

     **IT IS SO ORDERED.**

Dated: July 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge